[Cite as *State v. Chisenhall*, 2016-Ohio-999.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-07-055 |
| Plaintiff-Appellee, | : | CA2015-07-063 |
| | : | O P I N I O N |
| - vs - | | 3/14/2016 |
| | : | |
| PAUL MATTHEW CHISENHALL, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 000414


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Paul Chisenhall, appeals a decision of the Clermont County Court of Common Pleas denying his request to withdraw his guilty plea.

{¶ 2} After consuming alcohol at a state park, Chisenhall and his three passengers got into a vehicle owned by Chisenhall's employer and drove away. Soon thereafter, an Ohio Department of Natural Resources officer, who had seen Chisenhall and the others consuming alcohol at the park, attempted to pull Chisenhall over. However, Chisenhall

refused to stop, and accelerated away from the officer at a high rate of speed, leading the officer on a high-speed chase.

{¶ 3} During the chase, Chisenhall's speed was between 101-107 m.p.h. in areas where the maximum posted limits were 45 m.p.h and 55 m.p.h. Chisenhall crested a hill at such high speeds that he lost control of the vehicle, went airborne approximately five feet, and crashed into several trees. Both of Chisenhall's back-seat passengers were killed from injuries sustained in the crash, and the front-seat passenger received serious injuries but survived.

{¶ 4} Later tests revealed that Chisenhall had a blood alcohol content of .17 on the night of the crash, and that he had used methamphetamine. At the time of the crash, Chisenhall was driving on a suspended license, and had been convicted of four OVI violations within a ten-year period. Chisenhall was charged with four counts of aggravated vehicular homicide, one count of aggravated vehicular assault, one count of vehicular assault, two counts of OVI, two counts of failure to comply with a police order, one count of driving under suspension, one count of having an open container in the vehicle, and one count of failure to stop at a stop sign.

{¶ 5} After plea negotiations with the state, Chisenhall agreed to plead guilty to two counts of aggravated vehicular homicide with specifications, and one count of aggravated vehicular assault. The other ten charges were dismissed as a result of Chisenhall's plea. The trial court scheduled a sentencing hearing, and ordered a presentence investigation report. On the day of the sentencing hearing, Chisenhall informed the trial court that he wanted to withdraw his guilty plea.

{¶ 6} The trial court held a hearing on Chisenhall's oral motion to withdraw his guilty plea, and Chisenhall testified. Chisenhall testified that he wanted a chance to review the information obtained during the state's discovery, and that he wanted those impacted by the

crash to hear more details regarding the circumstances surrounding the events in question. On cross-examination, Chisenhall admitted that he had been fully apprised of the circumstances before making his plea, including the penalties he would face and the rights he was waiving. The trial court denied Chisenhall's motion to withdraw his guilty plea, and sentenced Chisenhall to ten years on each aggravated vehicular homicide charge, two years on the aggravated vehicular assault, and a total of three years for specifications attached to the two aggravated vehicular homicide charges. The trial court ordered all sentences to be served consecutively, for an aggregate term of 25 years. Chisenhall now appeals the trial court's denial of his motion to withdraw his guilty plea and the sentence imposed, raising the following assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 9} Chisenhall argues in his first assignment of error that the trial court erred in denying his motion to withdraw his guilty plea.

{¶ 10} According to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While a presentence motion to withdraw a no contest plea should be freely and liberally granted, "it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶ 11} On review, the trial court's decision will not be reversed absent an abuse of discretion. *State v. Ferrell*, 12th Dist. Madison No. CA2014-07-014, 2015-Ohio-1601, ¶ 11.

- 3 -

An abuse of discretion is more than an error of law or judgment, but implies that the trial court's ruling was arbitrary, unreasonable, or unconscionable. *State v. Wofford*, 12th Dist. Butler No. CA2014-10-210, 2015-Ohio-3708, ¶ 7.

{¶ 12} In reviewing whether the trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, this court considers the following factors:

> (1) whether the defendant was represented by highly competent counsel,
>
> (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea,
>
> (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea,
>
> (4) whether the trial court gave full and fair consideration to the motion,
>
> (5) whether the motion was made within a reasonable time,
>
> (6) whether the motion set out specific reasons for the withdrawal,
>
> (7) whether the defendant understood the nature of the charges and the possible penalties,
>
> (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges, and
>
> (9) whether the state would have been prejudiced by the withdrawal.

*Id.* at ¶ 8. No one factor is conclusive in the determination of whether a motion to withdraw should be granted. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 7. After reviewing the factors in turn, we find that the trial court did not abuse its discretion in denying Chisenhall's motion to withdraw his plea

**(1) Whether the Defendant was Represented by Highly Competent Counsel**

{¶ 13} Chisenhall was represented by highly competent counsel at the time he made his plea. The trial court specifically indicated that it had chosen Chisenhall's appointed

counsel carefully because the court wanted someone to represent Chisenhall who had "years of experience not somebody new off the block." Chisenhall, himself, testified that his counsel was "a great attorney," and "he's got very much respect from a lot of people." At no time did Chisenhall raise any issues regarding the representation he received.

{¶ 14} Instead, during the plea hearing, Chisenhall confirmed that his counsel was present when he signed his plea form, and had fully explained the details and circumstances of the plea agreement. Chisenhall also confirmed that his counsel made himself available to answer any questions, and that counsel had answered all questions and concerns to his satisfaction. Counsel also informed Chisenhall of the rights he was waiving because of his plea, as well as the potential penalties facing Chisenhall. When asked whether Chisenhall was satisfied with his counsel's representation, Chisenhall responded, "Yes, Sir." As such, the record demonstrates that Chisenhall was represented by highly competent counsel at the time he made his plea, and this factor does not weigh in favor of permitting withdrawal of the plea.

**(2) Whether the Defendant was Afforded a Complete Crim.R. 11 Hearing before Entering the Plea**

{¶ 15} Chisenhall was afforded a complete Crim.R. 11 hearing before entering his guilty plea. The record contains a full transcript of the trial court's Crim.R. 11 colloquy, during which, the trial court determined that Chisenhall's plea was made knowingly, intelligently, and voluntarily. Chisenhall does not argue that there were any defects in the colloquy, and this court has not found any. Instead, the trial court addressed Chisenhall directly, addressed the possible penalties, the rights Chisenhall was waiving, and gave Chisenhall a full description of the effect of his plea. As such, this factor does not weigh in favor of permitting Chisenhall to withdraw his plea.

**(3) Whether the Trial Court Conducted a Full and Impartial Hearing on the Motion to Withdraw the Plea**

{¶ 16} The trial court conducted a full and impartial hearing on Chisenhall's motion to withdraw his plea. Despite Chisenhall raising his oral motion to withdraw his plea at the sentencing hearing, the trial court offered a full and impartial hearing on the motion. The trial court permitted Chisenhall and the state to offer arguments, and also allowed Chisenhall to testify regarding his desire to withdraw the plea. The trial court further addressed the factors for consideration in turn, providing Chisenhall the opportunity to offer additional testimony or arguments specific to each factor. As such, the trial court conducted a full and impartial hearing, and this factor does not weigh in favor of withdrawal.

**(4) Whether the Trial Court Gave Full and Fair Consideration to the Motion**

{¶ 17} The trial court gave full and fair consideration to the motion. As previously stated, the trial court permitted Chisenhall to offer testimony regarding the reasons he wanted to withdraw his guilty plea. The trial court addressed each of the factors for consideration, having an open dialog with Chisenhall and counsel specific to each factor. After fully considering each factor, as well as all of the facts and circumstances surrounding Chisenhall's plea, the trial court overruled the motion. As such, the trial court gave full and fair consideration to Chisenhall's motion, and this factor does not favor Chisenhall withdrawing his plea.

**(5) Whether the Motion was Made within a Reasonable Time**

{¶ 18} The motion was not made within a reasonable time, as Chisenhall moved the trial court to withdraw his guilty plea on the day sentencing was to occur. As this court has recognized, "undue delay between the occurrence of the alleged cause for a withdrawal of a plea and the filing of the motion is a factor adversely affecting the credibility of the movant and militates against the granting of the motion." *State v. Daly*, 12th Dist. Clermont No. CA2015-06-054, 2015-Ohio-5034, ¶ 26.

{¶ 19} As previously stated, the trial court accepted Chisenhall's plea and then ordered

sentencing to occur at a future date so that a presentence investigation could occur. Over two months passed between the time of the plea hearing and sentencing, yet Chisenhall waited until the day sentence was to be imposed to request withdrawal of his plea. The trial court was given notice of Chisenhall's motion approximately 30-45 minutes before the sentencing hearing began. There is no indication in the record to explain why Chisenhall did not move the court prior to the day of sentencing to withdraw his plea, and this factor weighs against permitting Chisenhall to withdraw his plea.

### (6) Whether the Motion Set Out Specific Reasons for the Withdrawal

{¶ 20} The motion set out specific reasons for the withdrawal, but such reasons were questionable. During the plea hearing and on appeal, Chisenhall argued that he was in shock over the possible sentence during his plea hearing and did not knowingly plead guilty. The record indicates that a miscalculation originally occurred regarding the possible sentencing range. However, the record also clearly demonstrates that Chisenhall was fully aware of the miscalculation and what his sentencing range would be once the correction was made. Chisenhall's attorney addressed the issue with him before the plea hearing began, and the trial court reiterated several times what the possible penalty would be.

{¶ 21} Specifically, the trial court expressly informed Chisenhall that he was facing 13 years of mandatory prison time, and that the sentence could be as high as 41 years. This information was changed on the written plea form before Chisenhall entered his plea, and Chisenhall initialed the change, indicating his understanding of the possible range between 13 mandatory years to a possibility of 41 years. As such, Chisenhall proceeded with his plea with full knowledge of the possible sentence.

{¶ 22} Chisenhall next argues that he was not given an opportunity to review the evidence the state provided during discovery. Chisenhall argued that without seeing the discovery, he was unaware of what the state had "against me" or what had "been said

- 7 -

against me." Despite Chisenhall's argument, however, the record indicates that the evidence against Chisenhall and the facts demonstrating Chisenhall's guilt were not in dispute. Even so, Chisenhall's counsel made a demand for discovery, as well as a request for a bill of particulars.

{¶ 23} In return, the state provided a bill of particulars describing the factual basis for the charges against Chisenhall. The state also provided responses to Chisenhall's request for discovery. Such discovery included lab reports regarding Chisenhall's intoxication levels, reports from the emergency crews that responded to the crash site, medical records of Chisenhall and his passengers, coroner reports, and autopsy reports. Therefore, and even if Chisenhall had seen and read the discovery response from the state, there is no indication that Chisenhall would not have pled guilty as he did. The evidence clearly demonstrates that Chisenhall drove while intoxicated and caused the crash that killed two passengers and injured a third. Nothing in the discovery raised any doubt in regard to the state's ability to prove Chisenhall's guilt, and Chisenhall was not prejudiced in any way by not having reviewed the state's discovery.

{¶ 24} During the plea withdrawal hearing, Chisenhall stated several times that he wanted to withdraw his plea so that more facts surrounding the days leading up to the crash and the circumstances surrounding the crash could come to light.[1] At one point, Chisenhall stated that he wanted to go to trial so that "the families can hear some more, the courts can understand some more, and we – we'd not let it just end like this." However, and even if the families and court heard evidence and testimony regarding what occurred days before the crash, or reasons as to why he and his passengers were intoxicated, none of these facts

---

1. Chisenhall reiterated several times to the trial court that he was going through a difficult time in the days preceding the crash because his sister had recently passed away. Chisenhall explained that his sister's birthday was two days before the crash occurred, and that he was intoxicated as a way to cope with her death.

would result in an acquittal of the charges. As such, and despite Chisenhall offering several reasons for wanting to withdraw his plea, this factor does not weigh in favor of granting the motion

## (7) Whether the Defendant Understood the Nature of the Charges and the Possible Penalties

{¶ 25} Chisenhall understood the nature of the charges and the possible penalties. As previously stated, Chisenhall's attorney and the trial court fully explained the possible sentence range of 13-41 years, and that the minimum mandatory sentence was 13 years. The charges and penalties, including fines, postrelease control, and license suspension, were addressed in the written plea form and during the plea hearing in full. Moreover, Chisenhall never denied that he was fully apprised of the charges and penalties before he entered his plea. On cross-examination during the hearing on Chisenhall's motion to withdraw, the state asked Chisenhall if during the plea hearing the court fully explained the charges and penalties, and Chisenhall answered, "Yes." Chisenhall also confirmed during cross-examination that the trial court offered to answer any questions that Chisenhall may have had, and that he had indicated during the plea hearing that he had no questions regarding the charges or the associated penalties. As such, the record is clear that Chisenhall understood the nature of the charges against him, as well as the possible penalties so that this factor does not weigh in favor of withdrawal.

## (8) Whether the Defendant was Possibly Not Guilty of the Charges or Had a Complete Defense to the Charges

{¶ 26} There was overwhelming evidence of Chisenhall's guilt, and he had no complete defense to the charges. As previously stated, there is no dispute that Chisenhall was driving while intoxicated, and that he caused the crash during the high-speed pursuit by natural resource officers. Chisenhall has never denied that he was the driver, or that he was intoxicated on the night of the crash. Nor did Chisenhall deny that he did not pull over when

the natural resource officer tried to initiate a stop. Instead, Chisenhall argues that he was intoxicated because he was trying to cope with a family tragedy and that his passengers encouraged him to flee the officer.

{¶ 27} However, and even if that were the case, the passengers encouraging him to flee would not offer a complete defense to the charges, nor would it change Chisenhall's guilt. Nor would Chisenhall's emotional state on the day of the crash, or his excuse for being intoxicated, provide a defense. The testimony and reasoning provided by Chisenhall, while it may speak to mitigation, does not change the overwhelming evidence of guilt, nor does it provide a complete defense to his crimes. Therefore, this factor weighs against granting Chisenhall's motion

### (9) Whether the State Would have been Prejudiced by the Withdrawal

{¶ 28} The state would have been prejudiced by the withdrawal. The state indicated during the hearing to withdraw the plea that one of its key witnesses, the front seat passenger who had survived the crash, had left the area since the time of Chisenhall's plea and the state was unaware of her location. As such, the state's inability to offer the witness' testimony would have been prejudicial to its case. The state also indicated that the families of the victims had been forced to endure the criminal procedures for over a year, and that the state desired closure for all those victimized by Chisenhall's conduct. As such, the final factor does not weigh in favor of permitting Chisenhall to withdraw his plea.

### Conclusion

{¶ 29} After reviewing the record, we find that the factors weigh heavily in favor of denying Chishenhall's motion to withdraw his guilty plea. As such, the trial court did not abuse its discretion, and Chisenhall's first assignment of error is overruled.

{¶ 30} Assignment of Error No. 2:

{¶ 31} THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GIVE

THE PROPER NOTIFICATIONS TO APPELLANT DURING THE SENTENCING HEARING AND BY FAILING TO INCORPORATE THOSE NOTIFICATIONS AND CONSECUTIVE FINDINGS IN THE SENTENCING ENTRY.

{¶ 32} Chisenhall argues in his second assignment of error that the trial court erred in imposing sentence.

{¶ 33} R.C. 2953.08(G)(2) shall govern all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 34} Instead, an appellate court may only take action authorized by R.C. 2953.08(G)(2) if the court "clearly and convincingly finds" that the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 35} When imposing consecutive sentences, a trial court is statutorily required to make findings according to R.C. 2929.14(C)(4). "A trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. And because a court speaks through its journal, * * *the court should also incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 218, 2014-Ohio-3177, ¶ 29. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the

sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30.

{¶ 36} The record indicates that the trial court made the requisite statutory findings before imposing consecutive sentences during the sentencing hearing. While the trial court noted that it had *considered* the consecutive sentencing statute in its judgment entry, the court did not incorporate into its judgment entry the requisite *findings*. As such, we remand so that the trial court can issue a nunc pro tunc entry to show that the consecutive sentence findings were properly made at the sentencing hearing.

{¶ 37} Chisenhall also argues that the trial court failed to notify him during sentencing that he was forbidden from taking drugs and had to submit to random drug testing, that the court failed to notify him of his requirement to submit to DNA testing, and that he may or not be eligible for earned days of credit.

{¶ 38} As this court has previously stated, a trial court's failure to direct a defendant not to ingest drugs and that the defendant would be subject to random drug and DNA testing amounts to harmless error because the statutory sections directing a trial court to so advise do not confer any substantive rights on a defendant. *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 16. Instead, these requirements were not intended to benefit the defendant, but rather to facilitate the state in maintaining a DNA database and to "facilitate the drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." *Id.* at ¶ 16.

{¶ 39} Moreover, Chisenhall has not indicated in any way that he was prejudiced by the trial court not addressing these issues with him at sentencing. As such, the trial court's failure to address these issues with Chisenhall amounts to harmless error and does not require reversal of Chisenhall's sentence.

{¶ 40} Regarding any jail-time credit to which Chisenhall may have been entitled, the statute requiring a court to instruct the defendant of such credits, R.C. 2929.14(D)(3), was removed from Ohio's criminal code as of September 20, 2012. Thus, Chisenhall's reliance on this statute is misplaced. Instead, R.C. 2929.19(B)(2)(g)(i) requires the court to determine and "notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term * * *." The record indicates that the trial court expressly stated during the sentencing hearing that "credit will be given for 324 he has served thus far in the county jail." The trial court's judgement entry of sentence indicated that it would issue another entry specific to the jail time credit issue, which it did on June 8, 2015. Within this entry, the trial court gave credit for 324 days Chisenhall served while awaiting trial. As such, the trial court properly determined and gave notice of Chisenhall's jail time credit as prescribed by statute.

{¶ 41} After reviewing the record, we find that the trial court properly considered the purposes and principles of sentencing, and sentenced Chisenhall within the statutory range for his crimes. However, and having identified the need for the trial court to issue a nunc pro tunc entry to reflect that consecutive sentencing findings were made at the sentencing hearing, we remand this case for the limited purpose of issuing the nunc pro tunc entry. To that end, and although we find no error in the trial court's decision to impose consecutive sentences in this matter, we sustain in part Chisenhall's second assignment of error as it relates to the trial court's failure to incorporate its consecutive sentence findings into its sentencing entry. In all other respects, Chisenhall's second assignment of error is overruled.

{¶ 42} Therefore, pursuant to the Ohio Supreme Court's edict, we remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry to reflect the trial court's statutory findings under R.C. 2929.14(C)(4). However, such an administrative

correction does not necessitate a new sentencing hearing, and the trial court's sentence in all other respects is affirmed. *See State v. Lung*, 12th Dist. Clermont No. CA2014-12-081, 2015-Ohio-3833, ¶ 20.

**{¶ 43}** Judgment affirmed in part, reversed in part, and remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

M. POWELL, P.J., and RINGLAND, J., concur.