[Cite as *State v. Williams*, 2019-Ohio-3319.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2018-07-059 |
|  |  | CA2018-07-060 |
| Appellee, | : |  |
|  |  | O P I N I O N |
|  | : | 8/19/2019 |
| - vs - |  |  |
|  | : |  |
| JAMES W.D. WILLIAMS IV, | : |  |
| Appellant. | : |  |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017CR000533

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, James W.D. Williams IV, appeals his sentence in the Clermont County Court of Common Pleas for receiving stolen property.[1]

---

1. Appellant is also known as and/or was formally known as Thomas Lee Shafer. The record indicates that appellant's legal name at birth was Thomas Lee Shafer. Appellant changed his legal name to James Wargel Denver Williams IV after his stepfather officially adopted him in August 2017.

{¶ 2} In February 2018, appellant pled guilty to two fifth-degree felony counts of receiving stolen property in two separate cases, Case No. 2017 CR 0533 ("2017 Case") and Case No. 2018 CR 0016 ("2018 Case"). The trial court subsequently scheduled a joint sentencing hearing for March 27, 2018, at 9 a.m. The record indicates that the sentencing hearing did not start until 9:32 a.m. because appellant was late.

{¶ 3} At the hearing, appellant was represented by Attorney Jon Paul Rion in the 2017 Case and by Attorney Mike Kennedy in the 2018 Case. Both attorneys had the opportunity to review appellant's presentence-investigative report ("PSI"). Attorney Rion presented mitigating evidence in the 2017 Case; Attorney Kennedy followed suit in the 2018 Case. Following appellant's allocution, the trial court sentenced appellant to 11 months in prison on each count. As the trial court was making the requisite findings for consecutive sentences, Attorney Rion asked permission to interrupt the proceedings. The trial court declined the request and completed the consecutive sentence findings, thereby sentencing appellant to an aggregate 22-month prison term. As the trial court was imposing restitution in the 2017 Case, Attorney Rion once again interrupted and asked to be excused from the sentencing hearing to attend a scheduled conference call with a federal judge at 10 a.m. The trial court advised the parties of its intent to complete the sentencing. With appellant's consent, Attorney Rion was excused and the sentencing hearing continued with appellant being represented by Attorney Kennedy. The trial court imposed restitution in the 2017 Case and advised appellant of the applicable postrelease control issues in both cases. At the conclusion of the sentencing hearing, the trial court asked Attorney Kennedy if he had anything to say. After conferring with appellant, Attorney Kennedy stated he had nothing further to add.

{¶ 4} Appellant did not file a direct appeal. However, on September 18, 2018, we

granted appellant's motion to file a delayed consolidated appeal in both cases. Between July 2018 and September 2018, appellant filed numerous motions, including to vacate his sentence and be resentenced. On September 19, 2018, the trial court construed appellant's motions to vacate his sentence and be resentenced as postconviction relief petitions and denied them without a hearing on the basis of res judicata. The trial court further denied all other motions. We subsequently upheld the trial court's denial of appellant's motions and postconviction relief petitions. *State v. Williams*, 12th Dist. Clermont Nos. CA2018-09-069 and CA2018-09-070, 2019-Ohio-1835.

{¶ 5} We now consider appellant's delayed appeal, which raises two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY CONTINUING SENTENCING OF APPELLANT ON TRIAL CASE NO. 2017CR533, WHEN APPELLANT'S COUNSEL WAS NO LONGER PRESENT.

{¶ 8} Appellant argues the trial court erred in excusing Attorney Rion from the sentencing hearing. Appellant asserts that (1) his consent to excusing Attorney Rion was not knowing, intelligent, and voluntary because he was not afforded sufficient time to consider the decision, (2) appellant was not qualified to proceed pro se in the 2017 Case once Attorney Rion was excused, and (3) had Attorney Rion remained for the conclusion of the sentencing hearing, he "may have asked for reconsideration of the sentence by providing other mitigating information or may have reminded the trial court of any omitted notifications."

{¶ 9} The record indicates that after Attorney Rion was excused from the sentencing hearing with appellant's consent, the hearing continued with appellant being

represented by Attorney Kennedy in both cases. Thus, appellant did not proceed pro se in the 2017 Case. By the time Attorney Rion left the hearing, he had had the opportunity to review the PSI and had presented mitigating evidence in the 2017 Case; appellant had been afforded his right of allocution; the trial court had already sentenced appellant to 11 months in prison on each count; the trial court had completed making the requisite consecutive sentence findings; and the trial court was in the midst of imposing restitution in the 2017 Case. Furthermore, at the conclusion of the sentencing hearing, the trial court asked Attorney Kennedy if he had anything to say. After conferring with appellant, Attorney Kennedy stated he had nothing further to add. In light of the foregoing, we find that appellant "has failed to demonstrate how representation by substitute counsel at his sentencing hearing * * * prejudicially affected his rights." *State v. Harrison*, 2d Dist. Montgomery No. 21548, 2007-Ohio-2421, ¶ 49.

{¶ 10} Though appellant claims Attorney Rion could have provided additional mitigating evidence to persuade the trial court to reconsider its sentence, appellant does not specify what that other mitigating evidence could or would have been. The respective offenses in the 2017 and 2018 Cases were committed only a few months apart and appellant's relevant personal circumstances for purposes of sentencing were the same in both cases. Appellant's suggestion he may have received a lesser sentence in the 2017 Case had Attorney Rion remained for the conclusion of the sentencing hearing is speculative at best. As for appellant's claim that Attorney Rion could "have reminded the trial court of any omitted notifications," we address the trial court's alleged failure to provide required notifications in the assignment of error below and find either no error or harmless error.

{¶ 11} Appellant's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY NOT STATING ALL NOTIFICATIONS AT SENTENCING REQUIRED UNDER ORC 2929.19(B)(2) AND ORC 2929.14(D)(3).

{¶ 14} Appellant argues the trial court erred by failing to notify him during sentencing that he was forbidden from taking drugs and had to submit to random drug testing while incarcerated.

{¶ 15} R.C. 2929.19(B)(2) provides, in pertinent part, that when sentencing a defendant to prison, a trial court must notify the defendant "not [to] ingest or be injected with a drug of abuse and [to] submit to random drug testing as provided in [R.C.] 5120.63."[2] As this court has previously stated, this notification requirement was not intended to benefit the defendant, but rather to "facilitate the drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." *State v. Chisenhall*, 12th Dist. Clermont Nos. CA2015-07-055 and CA2015-07-063, 2016-Ohio-999, ¶ 38. Because the statute does not confer any substantive rights on a defendant, a trial court's failure to comply with its terms results in no prejudice to a defendant and constitutes harmless error. *Id.*

{¶ 16} Appellant nevertheless argues the trial court's failure to comply with R.C. 2929.19(B)(2) is prejudicial because it may lead to a longer sentence or administrative punishments.

{¶ 17} R.C. 5120.63(B) requires the Ohio Department of Rehabilitation and Correction to randomly test prisoners for drugs, "without reference to whether the trial court advised the defendant under R.C. 2929.19(B)[2](f)." *State v. Culgan*, 9th Dist. Medina No.

_____

2. At appellant's March 2018 sentencing hearing, the applicable statutory provision was R.C. 2929.19(B)(2)(f). While the state correctly observes that the Legislature removed the notification requirement, effective October 29, 2018, the Legislature reincorporated the requirement in Ohio's criminal code, effective March 22, 2019, and renumbered it as R.C. 2929.19(B)(2)(g).

09CA0060-M, 2010-Ohio-2992, ¶ 19. The "random drug testing program applies to all prisoners, regardless of when they were sentenced or whether they were notified of the program at the time of sentencing." *State v. Manns*, 2d Dist. Clark No. 2000 CA 58, 2001 Ohio App. LEXIS 5281, *7 (Nov. 30, 2001). Pursuant to R.C. 5120.63(C), a prisoner testing positive for drugs must pay for the positive drug test and subsequent drug testing. "This sanction arises by operation of the drug testing statute, not because of the condition included in the sentencing statute." *Culgan* at ¶ 19. Furthermore, unlike a trial court's failure to advise a defendant about postrelease control, a trial court's failure to include the drug-testing notification at sentencing does not carry the potential loss of liberty. *Id.* Appellant was therefore not prejudiced by the trial court's failure to comply with R.C. 2929.19(B)(2).

{¶ 18} Appellant further argues the trial court erred by failing to notify him during sentencing that he may or may not be eligible for earned days of credit.

{¶ 19} Former R.C. 2929.14(D)(3) required that a trial court inform a defendant at sentencing of the defendant's eligibility to earn days of credit. However, that provision was removed from Ohio's criminal code as of September 20, 2012, and was not in effect at the time appellant was sentenced. *Chisenhall*, 2016-Ohio-999 at ¶ 40. Thus, appellant's reliance on this statute is misplaced.

{¶ 20} Instead, former R.C. 2929.19(B)(2)(g)(i) required the court to determine and "notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term[.]"[3] The record indicates that the trial court expressly stated during the sentencing hearing that "you will be given 15 days of local jail credit as to the

---

3. Effective March 22, 2019, former R.C. 2929.19(B)(2)(g)(i) is now renumbered R.C. 2929.19(B)(2)(h)(i).

[2017] case because that's the time that you were in jail in that case." Subsequently, the trial court's judgment entry of sentence gave credit for 15 days appellant served until bond was posted. As such, the trial court properly determined and gave notice of appellant's jail time credit as required by statute.

{¶ 21} Appellant's second assignment of error is overruled.

{¶ 22} Judgment affirmed.


S. POWELL, P.J., and PIPER, J., concur.