[Cite as *State v. Bray*, 2026-Ohio-871.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-09-081 |
| vs. | : | <u>OPINION AND</u><br><u>JUDGMENT ENTRY</u><br>3/16/2026 |
| NASHIRA M. BRAY, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM FRANKLIN MUNICIPAL COURT
Case No. 25-05-TRD-2642

Maxwell D. Kinman, City of Franklin Prosecuting Attorney, and David C. Wagner, City of Franklin Assistant Prosecuting Attorney, for appellee.

Gantt & Blain Co., L.P.A., and Blake W. S. Evans, for appellant.

## **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Appellant, Nashira Bray, appeals her conviction in the Franklin Municipal Court following her no contest plea to one count of failure to stop after an accident. After

reviewing the record, we conclude that Bray's plea was entered knowingly, voluntarily, and intelligently. Accordingly, the trial court did not err in accepting the plea.

**Facts and Procedural History**

{¶ 2} On May 14, 2025, Bray was involved in a motor vehicle accident and subsequently left the scene. Law enforcement later identified her by tracing her license plate and contacted her by telephone. During that conversation, Bray admitted that she had been driving the vehicle at the time of the crash and explained that she left because she believed that she could repair the damage to her vehicle herself.

{¶ 3} Bray was later contacted by the Franklin Police Department and advised to report to the police department to receive a citation and provide proof of insurance. After Bray failed to do so in a timely manner, a warrant was issued for her arrest.

{¶ 4} She was subsequently charged with one count of failure to stop after an accident in violation of R.C. 4549.02, a first-degree misdemeanor. Bray was arraigned in the Franklin Municipal Court, where counsel was appointed to represent her.

{¶ 5} On August 19, 2025, Bray appeared for a dispositional hearing. Her counsel informed the trial court that Bray intended to enter a no contest plea. The court advised Bray of the effect of such a plea, including the rights she would waive by entering it. Bray then entered a no contest plea, which the court accepted before finding her guilty.

{¶ 6} At sentencing, Bray's counsel informed the court that Bray suffers from anxiety and is receiving counseling. In her allocution, Bray attempted to explain her interactions with law enforcement, stating that she "wasn't hiding from them," but had been experiencing panic attacks. She further stated that she did not remember driving away from the scene because she "blacked out" due to anxiety. Bray also indicated that she had attempted to obtain medication for her condition but had been unable to do so because of her fear of taking medication.

{¶ 7} The trial court sentenced Bray to three days in jail, imposed a $250 fine, and ordered a mandatory six-month driver's license suspension. Bray now appeals, raising a single assignment of error for review.

**Appeal**

{¶ 8} In her sole assignment of error, Bray argues that the trial court erred by accepting her no contest plea because it was not knowingly, intelligently, or voluntarily made. She contends that her anxiety and mental health issues impaired her ability to understand the consequences of her plea, and therefore the trial court should have conducted a competency hearing or ordered a psychological evaluation before accepting it.

{¶ 9} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 2007-Ohio-6093, ¶ 6. The plea procedure required in a misdemeanor case under Crim.R. 11 is less elaborate than that required in a felony case. *State v. Fluhart*, 2021-Ohio-2153, ¶ 15 (12th Dist.). Misdemeanor cases may involve either "serious offenses" or "petty offenses." A "serious offense" is one for which the penalty includes more than six months of confinement, whereas a "petty offense" encompasses all other misdemeanor offenses. *Id*., citing Crim.R. 2(C) and (D). Under Crim.R. 11(E), when accepting a plea in a petty offense case, the trial court must inform the defendant of the effect of a guilty or no contest plea before accepting it.

{¶ 10} Crim.R. 11(B)(2) provides that a no contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *State v. Daly*, 2015-Ohio-5034, ¶ 16 (12th Dist.).

{¶ 11} In this case, Bray was charged with a first-degree misdemeanor punishable by a maximum of 180 days in jail. R.C. 4549.02(B)(1); R.C. 2929.24(A)(1). Her offense therefore qualifies as a petty offense, and the trial court's only obligation under Crim.R. 11 was to inform her of the effect of her plea. *Jones* at paragraph two of the syllabus ("To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).").

{¶ 12} Upon review of the record, we conclude that Bray entered a valid no contest plea to one count of failure to stop after an accident, and that the plea was made knowingly, intelligently, and voluntarily. It is undisputed that the trial court informed Bray of the effect of her plea pursuant to Crim.R. 11(B). Instead, Bray challenges the plea on the basis of her mental health conditions, arguing that the court should have ordered a psychological evaluation or conducted a competency determination.

{¶ 13} These arguments lack merit. The constitutional standard for determining competency to enter a plea is the same as the standard for competency to stand trial. *State v. Montgomery*, 2016-Ohio-5487, ¶ 56, citing *Godinez v. Moran*, 509 U.S. 389, 396-399 (1993). A defendant is competent if she possesses a "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and has both a rational and factual understanding of the proceedings. *Id*.

{¶ 14} The record contains no indication that Bray's mental health concerns impaired her competency or required the court to question her ability to proceed. During the hearing, Bray appeared before the trial court, responded appropriately to questions, and demonstrated an ability to participate meaningfully in the proceedings, including consulting with her counsel. Although she later stated—during allocution at sentencing—that she suffers from anxiety and other mental health conditions, she provided no evidence to substantiate that this condition affected her competency at the time she

entered her plea. Bray points to a moment during the dispositional hearing when a victim advocate prompted her to "stand up," but this brief exchange does not indicate that she was unable to understand the proceedings or the implications of her plea. Nothing in the record suggests that Bray lacked an understanding of the nature of her plea and the proceedings, the rights she was waiving, or the consequences of entering a no contest plea.

{¶ 15} Accordingly, we find that the trial court did not err in accepting Bray's plea. Her sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Franklin Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge