[Cite as *State v. Harris*, 2019-Ohio-1700.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-04-076 |
| | : | O P I N I O N |
| - vs - | | 5/6/2019 |
| | : | |
| WAYNE HARRIS, JR., | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-05-0794


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Wayne Harris, Jr., appeals from a decision of the Butler County Court of Common Pleas denying his presentence motion to withdraw his guilty plea to the charge of having weapons while under disability. For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2} On June 14, 2017, appellant was indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, one

count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. According to the bill of particulars, the charges stemmed from allegations that, on April 30, 2017, while at a motel in Fairfield, Ohio, appellant threw a black bag containing a stolen firearm out of his room while the police were knocking on his door. Because appellant had been previously convicted of a felony offense of violence, he was prohibited from knowingly acquiring, having, carrying, or using a firearm.

{¶ 3} Appellant initially pled not guilty to the charges. On January 16, 2018, following plea negotiations, appellant entered a guilty plea to having weapons while under disability in exchange for the remaining charges being dismissed. Appellant, who was represented by counsel, was provided with a Crim.R. 11 colloquy by the trial court before entering his guilty plea. After accepting appellant's plea and finding him guilty, the trial court set the matter for sentencing.

{¶ 4} On February 26, 2018, the day before his sentencing hearing was scheduled to occur, appellant moved to withdraw his guilty plea. The state filed a memorandum in opposition, and a hearing on appellant's motion was held on March 12, 2018. At that time, appellant's counsel argued for withdrawal of the plea by citing to relevant case law and noting that appellant wished to have his day in court. Defense counsel contended that the state would not be prejudiced if withdrawal of the plea was allowed. The trial court ultimately denied appellant's request to withdraw his plea, finding that appellant had experienced a "mere change of heart" and that withdrawal of the plea would be prejudicial to the state. The court further noted that appellant had been represented by competent and effective legal counsel, afforded a complete and extensive Crim.R. 11 plea colloquy, and understood the nature of the charges and the possible consequences of pleading guilty. Following the denial of appellant's motion to withdraw his guilty plea, the trial court sentenced appellant to a 36-

- 2 -

month prison term.

{¶ 5} Appellant timely appealed, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING [APPELLANT'S] MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 8} In his first assignment of error, appellant argues the trial court erred by denying his motion to withdraw his guilty plea.

{¶ 9} Pursuant to Crim.R. 32.1, a defendant is permitted to file a motion to withdraw his or her guilty plea prior to sentencing. Generally, a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Gabbard*, 12th Dist. Clermont No. CA2006-03-025, 2007-Ohio-461, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie* at paragraph one of the syllabus. Rather, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 10} The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the trial court's discretion. *Id.* at paragraph two of the syllabus. In turn, an appellate court reviews a trial court's decision under an abuse of discretion standard. *State v. Newton*, 12th Dist. Preble No. CA2014-10-011, 2015-Ohio-2319, ¶ 11. An appellate court defers to the judgment of the trial court because "'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" *Xie* at 525, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 11} In determining whether to grant a presentence motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea. *State v.*

*Metcalf*, 12th Dist. Butler No. CA2002-12-299, 2003-Ohio-6782, ¶ 11. The factors to be considered include: (1) whether the state will be prejudiced by withdrawal of the plea; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 7. "No one factor is conclusive in the determination of whether a plea should be allowed to be withdrawn." *State v. Rivera*, 12th Dist. Butler No. CA2013-05-072, 2014-Ohio-3378, ¶ 17.

{¶ 12} In reviewing the aforementioned factors within the context of appellant's case, we find that the trial court did not abuse its discretion by denying appellant's request to withdraw his guilty plea. The trial court found withdrawal of the plea would have been prejudicial to the state. While the extent to which the state would have been prejudiced by appellant's withdrawal is unclear, the record reveals that appellant waited until February 26, 2018, more than a month after entering his guilty plea and only one day prior to sentencing, before moving to withdraw his plea. By this point in time, more than 11 months had passed since the date of the offense for which appellant was arrested and charged.

{¶ 13} The record further reveals that both appellant's initial trial attorney and the attorney that took over before the change of plea hearing provided competent legal representation. Through the efforts of trial counsel, appellant received a favorable plea deal that allowed him to plead guilty to a single felony count, having weapons while under disability, in exchange for two other felony charges being dismissed. At the time appellant entered his guilty plea, he indicated that he had discussed with his attorney the nature of the

charges he faced, any possible defenses he may have had to the charges, and the consequences of pleading guilty. Appellant indicated he was satisfied with the "advice, competence, and counsel" rendered to him by his attorney.

{¶ 14} The record of the plea hearing also indicates that the trial court conducted an extensive and thorough plea colloquy prior to appellant entering his guilty plea and that appellant understood the nature of the charges and the potential sentence he faced as a result of his plea. After the trial court complied with Crim.R. 11(C)(2) by advising appellant of the nature of the charges he faced, the consequences of his guilty plea, and the rights he was waiving by pleading guilty, appellant stated that he understood the trial court's advisements, that nobody had threatened or coerced him into pleading guilty, and that he had no questions for the court or his counsel about the effect of his guilty plea. The prosecutor then read aloud the facts that constituted the offense of having weapons while under disability, and appellant acknowledged that he understood those facts and was admitting to them. The trial court found the plea was knowingly, intelligently and voluntarily entered, and the record supports the court's determination.

{¶ 15} The record further reveals that appellant was given a full hearing on his motion to withdraw and that the trial court gave full and fair consideration to the motion. Although appellant's written motion was not accompanied by a memorandum in support and did not contain any citations to relevant case law, at the hearing on the motion, appellant's counsel cited precedential case law and provided the reasons for appellant's request to withdraw his plea. Counsel indicated appellant did not wish to proceed with a guilty plea but, rather, wished to have his day in court, with a jury of his peers deciding his guilt. Counsel did not indicate, however, that appellant was innocent of the charges or that meritorious defenses to the charges existed. The record indicates appellant had a mere "change of heart" the day before he was scheduled to be sentenced. As we have repeatedly recognized, a mere

- 5 -

"change of heart" is insufficient justification to allow withdrawal of a plea. *Metcalf*, 2003-Ohio-6782 at ¶ 19; *Newton*, 2015-Ohio-2319 at ¶ 14; *State v. Wofford*, 12th Dist. Butler No. CA2014-10-210, 2015-Ohio-3708, ¶ 11.

{¶ 16} Accordingly, in light of the foregoing considerations, we find that the trial court did not abuse its discretion in denying appellant's presentence motion to withdraw his guilty plea. There was no reasonable or legitimate basis for withdrawal of the plea. Appellant's first assignment of error is, therefore, overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 19} In his second assignment of error, appellant contends his trial counsel provided ineffective assistance by "fail[ing] to adequately represent [him] in the motion hearing to withdraw his plea." Appellant also argues counsel was ineffective for failing to file a memorandum in support of his motion to withdraw his guilty plea.

{¶ 20} To prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) such deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 21} We find that appellant's ineffective assistance of counsel claim is without merit

as appellant cannot demonstrate either prong of the *Strickland* test. Counsel's performance was not deficient and did not fall below an objective standard of reasonableness. Although counsel failed to file a memorandum in support of appellant's motion to withdraw the guilty plea, counsel cited to relevant case law and provided a basis for and an argument in support of the motion at the March 12, 2018 hearing. Though the trial court ultimately concluded that appellant's basis for the motion – his desire to have his day in court in front of a jury of his peers – was without merit and reflected a mere "change of heart," counsel's representation was not deficient. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Simpson*, 12th Dist. Butler No. CA2018-06-121, 2019-Ohio-1493, ¶ 23.

{¶ 22} Furthermore, appellant's argument that he was prejudiced by his counsel's alleged deficient representation is without merit. Appellant asserts that the results of his motion to withdraw his plea would have been different if counsel had provided additional "facts or evidence" to support his desire to withdraw his plea or if counsel had "articulate[d] any basis for [his] innocence." Appellant's arguments are predicated on the assumption that there was a "basis for [his] innocence" or "facts or evidence" to support his motion that were known to trial counsel but not presented by counsel at the hearing. Here, the unspecified "facts or evidence" are not part of the record before us. It would be purely speculative for us to conclude that the unknown "facts or evidence" would have supported withdrawal of the plea and resulted in a different outcome. The alleged ineffective assistance of counsel must be apparent from the record on appeal. *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through * * * postconviction remedies." *State v. Coleman*, 85 Ohio St.3d 129, 134 (1999).

{¶ 23} We therefore find that appellant's argument that his trial counsel provided

ineffective representation is without merit. Appellant's second assignment of error is overruled.

{¶ 24} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.