[Cite as *State v. McWhorter*, 2024-Ohio-5753.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2024-04-005 |
| | : | CA2024-04-006 |
| - vs - | : | O P I N I O N |
| | : | 12/9/2024 |
| TERRY R. MCWHORTER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. TRC 2304040

Sarah C. McMahon, Chief Prosecutor for the City of Wilmington, for appellee.

Alana Van Gundy, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Terry McWhorter, appeals a decision of the Clinton County Municipal Court denying his presentence motion to withdraw his guilty plea.

{¶ 2} On October 20, 2023, appellant was charged in the Clinton County Municipal Court with physical control, in violation of R.C. 4511.194, based upon an October 19, 2023 incident. On November 27, 2023, appellant was charged in the Clinton

County Municipal Court with OVI in violation of R.C. 4511.19(A)(1)(a) and left of center in violation of R.C. 4511.25 based upon a November 26, 2023 incident. On January 31, 2024, appellant pled guilty to physical control and OVI, both first-degree misdemeanors. Subsequently, appellant moved to withdraw his guilty plea. Appellant stated that following his guilty plea to the misdemeanor offenses in the municipal court, he was indicted on felony drug possession charges based upon drugs recovered during the October 19 and November 27, 2023 incidents. Appellant argued that his guilty plea to the misdemeanor offenses was not knowing, intelligent, and voluntary because he did not know he was facing additional charges for the drugs found at the crime scenes.

{¶ 3} A hearing on the motion to withdraw the plea was held on March 25, 2024. The hearing was brief. The state argued that appellant was aware at the time of his plea that felony drug charges were possible, and that the plea deal was not in any respect dependent on whether felony drug charges were filed against appellant. Defense counsel did not rebut the state's assertions and simply argued that the trial court had discretion to allow appellant to withdraw his plea and that presentence withdrawal of pleas should be liberally given. The trial court denied appellant's motion to withdraw his plea from the bench, finding that the plea negotiations did not involve felony charges and that "everyone was aware that a felony charge may [be filed]."

{¶ 4} The matter then proceeded to sentencing. Appellant informed the trial court that he had pled guilty to felony drug possession charges on March 21, 2024, and that he would be sentenced in that case in May 2024. The trial court then sentenced appellant to a 180-day jail term for the physical control offense and to a consecutive 180-day jail term on the OVI offense, with 90 days suspended on each offense. Regarding the felony case, the record indicates that appellant was subsequently sentenced to two years of

community control and was ordered to engage in substance abuse treatment.

**{¶ 5}** Appellant now appeals, raising one assignment of error:

**{¶ 6}** THE TRIAL COURT ERRED WHEN IT DISMISSED MR. MCWHORTER'S REQUEST TO WITHDRAW HIS PLEA.

**{¶ 7}** Appellant argues the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea to the misdemeanor offenses, raising two issues for review.

**{¶ 8}** Pursuant to Crim.R. 32.1, a defendant may file a presentence motion to withdraw a guilty plea. *State v. Valdez*, 2024-Ohio-3357, ¶ 23 (12th Dist.). Although a defendant's presentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not possess an absolute right to withdraw a guilty plea prior to sentencing. *State v. Barnes*, 2022-Ohio-4486, ¶ 21-22. "Rather, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Newton*, 2015-Ohio-2319, ¶ 10 (12th Dist.).

**{¶ 9}** The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the sound discretion of the trial court. *Id.* A trial court's decision denying such a motion will not be reversed absent an abuse of that discretion. *Id.* An abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. "An appellate court defers to the judgment of the trial court because 'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" *State v. Harris*, 2019-Ohio-1700, ¶10 (12th Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521, 525 (1992).

**{¶ 10}** In his first issue for review, appellant argues the trial court erred in denying his motion to withdraw his plea because he had pled guilty to a felony drug possession

offense and withdrawal of his guilty plea to the misdemeanor offenses would have permitted these offenses to merge into the felony offense and for him to remain out of jail and receive substance abuse treatment.  Appellant further argues it was unreasonable for the trial court to impose a sentence for the misdemeanor offenses that was harsher than the sentence he received for the felony offense.  Contrary to appellant's conclusory merger argument, the physical control and OVI offenses are not allied offenses of similar import to the felony drug possession offense and would not merge.  Furthermore, the sentence appellant eventually received for the misdemeanor offenses—imposed before appellant was sentenced in the felony case—has no bearing on whether the trial court abused its discretion by denying his presentence motion to withdraw his plea.

{¶ 11} In his second issue for review, appellant argues the trial court erred by denying his motion to withdraw his guilty plea because it did not appropriately apply the factors applicable to consideration of such a motion.

{¶ 12} "In determining whether to grant a presentence motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea." *State v. Harris*, 2019-Ohio-1700, ¶ 11 (12th Dist.).  Factors to be considered include (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the defendant's motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state

would have been prejudiced by the withdrawal. *State v. Owens*, 2022-Ohio-160, ¶ 30 (12th Dist.). No one factor is conclusive in determining whether a plea should be allowed to be withdrawn. *Valdez*, 2024-Ohio-3357 at ¶ 25.

{¶ 13} Relying on the factors above, appellant asserts that (1) withdrawal of his guilty plea to the misdemeanor offenses would not prejudice the state because he pled guilty to a more serious felony offense; (2) fundamentally the trial court neither conducted a hearing on the motion nor gave full and fair consideration to the motion because the March 25, 2024 hearing consisted simply of the parties' written argument and brief oral argument to the trial court; (3) the motion to withdraw his guilty plea was filed within a reasonable time; and (4) the reasons for the motion were "highly" reasonable.

{¶ 14} The motion was filed within a reasonable time. The hearing on the motion was certainly abbreviated as defense counsel argued only that the trial court had discretion to allow appellant to withdraw his plea and that withdrawal of the plea should be freely given. However, the weight to be given to the individual factors will vary from case to case. Here, the reason upon which appellant sought to withdraw his guilty plea to the misdemeanor offenses—that he pled guilty to a felony offense arising from the incidents upon which the misdemeanor offenses were based—is of little weight. Appellant was aware at the time of his guilty plea to the misdemeanor offenses that felony charges may be brought against him. Furthermore, his plea agreement was in no respect dependent upon whether felony charges were filed. The Crim.R. 11(C) hearing was proper and appellant understood the charges and penalties. There is nothing in the record to suggest appellant may have been not guilty of the misdemeanor offenses. While some factors favor permitting appellant to withdraw his plea, others do not. The trial court presumably weighed the circumstances and determined that they did not support

withdrawal of the plea.  The trial court did not abuse its discretion in this regard.

{¶ 15} The trial court, therefore, did not abuse its discretion in denying appellant's presentence motion to withdraw his guilty plea to the misdemeanor offenses.  Appellant's assignment of error is overruled.

{¶ 16} Judgment affirmed.


BYRNE, P.J., and HENDRICKSON, J., concur.