[Cite as *State v. Hixon*, 2024-Ohio-6058.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-07-019 |
| | : | O P I N I O N |
| - vs - | | 12/30/2024 |
| | : | |
| DONALD J. HIXON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20240043


Jess C. Weade, Fayette County Prosecuting Attorney, for appellee.

The Kollin Firm, LLC, and Thomas M. Kollin, for appellant.



**M. POWELL, J.**

{¶ 1} Appellant, Donald Hixon, appeals a decision of the Fayette County Court of Common Pleas denying his presentence motion to withdraw his guilty plea.

{¶ 2} On February 23, 2024, appellant was indicted on 52 counts of pandering sexually oriented matter involving a minor, all fourth-degree felonies. On May 7, 2024, appellant pled guilty to Counts 1-40 in exchange for the state's dismissal of Counts 41-

52 and an agreed upon aggregate eight-year prison term. Subsequently, appellant moved to withdraw his guilty plea, arguing that he entered his plea without an understanding of the sentencing factors and possible defenses, including the filing of a motion to suppress. A hearing on the motion was held on July 19, 2024. Upon hearing argument from defense counsel and the prosecutor, the trial court denied the motion to withdraw the plea and proceeded to sentence appellant to an aggregate eight-year prison term as agreed by the parties.

{¶ 3} On July 25, 2024, the trial court journalized its entry denying appellant's motion to withdraw his plea as follows:

> No compelling reason was presented as to why the defendant wanted to withdraw his plea other than the desire to file a motion to suppress regarding potential privilege/confidential issues and stale information. . . .
>
> The Court finds that the defendant does not set forth a compelling reason to withdraw his plea of guilty. Defendant has had a change of heart. Having pled guilty and agreed to an eight-year sentence, defendant now has had time to change his mind. No evidence was presented regarding any failings of his prior counsel to inform defendant of any of his rights or options.
>
> The Court does not find that a withdrawal of the defendant's plea is necessary to correct a manifest injustice.

{¶ 4} Appellant now appeals, raising one assignment of error:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY PRIOR TO SENTENCING.

{¶ 5} The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the sound discretion of the trial court. *State v. Newton*, 2015-Ohio-2319, ¶ 10 (12th Dist.). A trial court's decision denying such a motion will not be reversed absent an abuse of that discretion. *Id.* An abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Id.*

- 2 -

**{¶ 6}** Crim.R. 32.1 governs withdrawals of guilty pleas and provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶ 7}** Crim.R. 32.1 provides the "standard by which postsentence withdrawals of guilty pleas may be evaluated—the 'manifest injustice' standard. However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). The Ohio Supreme Court has held that although a defendant's "presentence motion to withdraw a guilty plea should be freely and liberally granted, . . . a defendant does not possess an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at 527. Rather, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

**{¶ 8}** "In determining whether to grant a presentence motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea." *State v. McWhorter*, 2024-Ohio-5753, ¶ 12 (12th Dist.). Factors to be considered include (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the defendant's motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal. *Id.* No one factor is conclusive in

- 3 -

determining whether a plea should be allowed to be withdrawn. *Id.*

**{¶ 9}** The trial court denied appellant's presentence motion to withdraw his guilty plea on the ground that a withdrawal of the plea was not necessary "to correct a manifest injustice." However, "[a]s set forth in [Crim.R. 32.1], the manifest injustice standard applies to post-sentence plea withdrawals." *State v. Thomas*, 2023-Ohio-3903, ¶ 16 (5th Dist.); *State v. Daly*, 2015-Ohio-5034, ¶ 42, fn. 2 (12th Dist.) Therefore, the trial court abused its discretion by analyzing the information presented at the July 19, 2024 hearing and denying appellant's presentence motion to withdraw his guilty plea using the manifest injustice standard instead of balancing the factors above and determining whether there is a reasonable and legitimate basis to withdraw appellant's guilty plea. *Id.*

**{¶ 10}** Accordingly, we reverse the trial court's denial of appellant's presentence motion to withdraw his guilty plea and remand the matter for the trial court to consider the motion using the proper standard for presentence motions to withdraw a guilty plea in accordance with *Xie* and *McWhorter*. Appellant's assignment of error is sustained.

BYRNE, P.J., and PIPER, J., concur.