[Cite as *State v. Hixon*, 2025-Ohio-3021.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-03-002 |
| | : | OPINION AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 8/25/2025 |
| DONALD J. HIXON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20240043

Jess Weade, Fayette County Prosecuting Attorney, for appellee.

The Kollin Firm, LLC, and Thomas M. Kollin, for appellant.

**O P I N I O N**

**PIPER, P.J.**

{¶ 1} Appellant, Donald J. Hixon, appeals the decision of the Fayette County Court of Common Pleas denying his presentence motion to withdraw his guilty plea to 40 counts of fourth-degree felony pandering sexually oriented matter involving a minor upon remand from this court in *State v. Hixon*, 2024-Ohio-6058 (12th Dist.) ("*Hixon I*"). For the

reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2}   On February 23, 2024, the Fayette County Grand Jury returned an indictment charging Hixon with 52 counts of fourth-degree felony pandering sexually oriented matter involving a minor. All 52 counts were charged as violations of R.C. 2907.322(A)(5). Pursuant to that statute, no person, "with knowledge of the character of the material or performance involved," shall "[k]nowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality."

{¶ 3}   On March 4, 2025, Hixon was arraigned and entered a not guilty plea to all 52 counts. Upon Hixon entering his not guilty plea, the trial court scheduled the matter for a jury trial to be held on May 7, 2024. However, on April 19, 2024, Hixon filed a motion with the trial court requesting it convert his trial date into a change of plea hearing, thereby signifying to the trial court that he and the State had entered into a plea agreement. The trial court granted Hixon's motion on April 22, 2024.

{¶ 4}   On May 7, 2024, Hixon appeared before the trial court where, with the assistance of his trial counsel, Hixon entered a guilty plea to Counts 1-40 with an agreed upon aggregate eight-year prison sentence in exchange for the State dismissing Counts 41-52. Following the necessary Crim.R. 11 plea colloquy, and after Hixon executed a change of plea form indicating he understood the nature of the charges levied against him and possible penalties involved, the trial court accepted Hixon's guilty plea upon finding Hixon's plea was knowingly, intelligently, and voluntarily entered.

{¶ 5}   On June 10, 2024, Hixon filed a notice of substitution of counsel. Shortly thereafter, on July 1, 2024, Hixon filed a presentence motion to withdraw his guilty plea. Hixon filed his motion pursuant to Crim.R. 32.1, which provides that "[a] motion to

withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." To support his motion, Hixon argued that he had entered his guilty plea without an understanding of the sentencing factors and possible defenses, including the filing of a motion to suppress.

{¶ 6} On July 19, 2024, the trial court held a hearing on Hixon's motion. Following that hearing, during which the trial court heard argument from both parties, the trial court denied Hixon's motion to withdraw his guilty plea. Upon denying Hixon's motion, the trial court then proceeded to sentencing where it sentenced Hixon to the previously agreed upon aggregate eight-year prison term. Six days later, on July 25, 2024, the trial court journalized its entry denying Hixon's presentence motion to withdraw his guilty plea. In so doing, the trial court determined that it did not find that a withdrawal of Hixon's plea was necessary "to correct a manifest injustice."

{¶ 7} On July 29, 2024, Hixon filed a notice of appeal. On appeal, Hixon raised one assignment of error. In his single assignment of error, Hixon challenged the trial court's decision to deny his presentence motion to withdraw his guilty plea upon finding the withdrawal of his plea was not necessary to "correct a manifest injustice." Hixon's appeal was submitted to this court for decision on December 18, 2024. Less than two weeks later, on December 30, 2024, this court issued a decision reversing and remanding the matter to the trial court for further proceedings. *Hixon I*, 2024-Ohio-6058.

{¶ 8} In so holding, this court stated: "The trial court denied [Hixon's] presentence motion to withdraw his guilty plea on the ground that a withdrawal of the plea was not necessary 'to correct a manifest injustice.' However, as set forth in Crim.R. 32.1, the manifest injustice standard applies to post-sentence plea withdrawals." *Id*. at ¶ 9. We therefore reversed the trial court's decision and remanded the matter to the trial court to

- 3 -

consider the motion using the proper standard for presentence motions to withdraw a guilty plea in accordance with *State v. Xie*, 62 Ohio St.3d 521 (1992); and *State v. McWhorter*, 2024-Ohio-5753 (12th Dist.). *Id.* at ¶ 10.

{¶ 9} In *Xie*, the Ohio Supreme Court noted that a "presentence motion to withdraw a guilty plea should be freely and liberally granted." *Id*, 62 Ohio St.3d at 527. "This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea." *State v. Barnes*, 2022-Ohio-4486, ¶ 21. "This is the presumption from which all other considerations must start." *Id.* However, although a defendant's presentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant "does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie*. Rather, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea" prior to sentencing. *Id*. When making this determination, this court in *McWhorter* noted that "the trial court should consider the circumstances surrounding the defendant's plea." *McWhorter* at ¶ 12.

{¶ 10} This court in *McWhorter* also noted several factors that should be considered by the trial court when ruling on a defendant's presentence motion to withdraw a guilty plea. *Id.* Those factors include: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the defendant's motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the

possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the State would have been prejudiced by the withdrawal. *Id.*, citing *State v. Owens*, 2022-Ohio-160, ¶ 30 (12th Dist.). "No one factor is conclusive in determining whether a plea should be allowed to be withdrawn." *Id.*, citing *State v. Valdez*, 2024-Ohio-3357, ¶ 25 (12th Dist.).

{¶ 11} On February 10, 2025, and upon remand from this court in *Hixon I*, the trial court held another hearing on Hixon's presentence motion to withdraw his guilty plea. The next day, on February 11, 2025, the trial court issued a decision again denying Hixon's motion to withdraw. In so doing, the trial court set forth its findings related to each of the nine *McWhorter* factors set forth above. This included the trial court finding as it related to the sixth *McWhorter* factor, whether Hixon's motion set out specific reasons for the withdrawal, the following:

> The defendant's motion stated that he was not advised of Ohio's felony sentencing structure. The Court finds this to be unpersuasive as the defendant was receiving an agreed sentence which was a lawful agreement and thus the Court was not required to go through the factors listed in the defendant's motion. The factors that the defendant cited as being overlooked are not required by Criminal Rule 11 or were in fact reviewed with the defendant at the plea hearing. Further, the motion stated that the defendant was unaware of potential suppression issues regarding privilege or confidential issues, stale information, and the impacts that may have on suppression issues. The Court does not find this to be a specific reason for the withdrawal as it is a generalized statement without any statement as to how it specifically applies to the defendant's case. There was no reasoning to support how a privilege issue or confidentiality issue could exist. There was also no indication as to how a stale information issue could potentially be a factor in this case. The defendant's arguments appear to be purely hypothetical.

{¶ 12} After setting forth its findings as to each of the nine *McWhorter* factors, the trial court then concluded by stating, in alignment with the Ohio Supreme Court's decision in *Xie*, the following:

The ultimate question is whether there is a reasonable and legitimate basis for the withdrawal of the plea. Generally, a change of heart is an insufficient justification for the withdrawal of the plea.

In balancing the above factors, the Court finds that there was not reasonable and legitimate basis for the withdrawal of defendant's guilty pleas. The Court finds that the defendant's change of heart over his agreed upon sentence is an insufficient reason to allow him to withdraw his plea.

{¶ 13} On March 10, 2025, Hixon filed a notice of appeal from the trial court's decision. Following briefing, on July 9, 2025, Hixon's appeal was submitted to this court for consideration. Hixon's appeal now properly before this court for decision, Hixon has raised one assignment of error for review.

**Hixon's Single Assignment of Error**

{¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY PRIOR TO SENTENCING ON REMAND.

{¶ 15} In his single assignment of error, Hixon argues the trial court erred by again denying his presentence motion to withdraw his guilty plea upon remand from this court in *Hixon I*. We disagree.

**Abuse of Discretion Standard of Review**

{¶ 16} "The serious considerations involved in whether to plead guilty in a criminal case, and subsequently whether to seek to withdraw that guilty plea, should not be evaluated as a game of gotcha once a defendant has entered a guilty plea." *Barnes*, 2022-Ohio-4486, at ¶ 26, fn. 4. Rather, as noted above, "[a] presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie*, 62 Ohio St.3d at 527. "A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing." *Barnes* at ¶ 13, citing *id.* at

- 6 -

paragraph one of the syllabus. This is why, "[b]efore ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea." *Id.*, citing *Xie* at 527. "The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is 'within the sound discretion of the trial court.'" *Id.*, quoting *Xie* at paragraph two of the syllabus. Therefore, "[a]bsent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." *Id.*, citing *Xie* at 526. "An abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable." *McWhorter*, 2024-Ohio-5753, at ¶ 9.

**Analysis**

{¶ 17} As noted above, Hixon argues the trial court erred by again denying his presentence motion to withdraw his guilty plea upon remand. To support this claim, Hixon has set forth "five principal ways" that he believes the trial court erred. Those five principal ways being:

> (1) the trial court failing to honor the "freely and liberally" standard established by the Ohio Supreme Court in *Xie*;
>
> (2) the trial court disregarding "documented deficiencies" in his trial counsel's performance;
>
> (3) the trial court giving "insufficient weight" to the prosecutor conceding that the State would not be prejudiced by the withdraw;
>
> (4) the trial court improperly characterizing his motion as a "mere change of heart;" and
>
> (5) the trial court not considering evidence of "potentially viable" defenses.

{¶ 18} Hixon argues that each of these "five principal ways" independently demonstrates how the trial court abused its discretion by denying his motion to withdraw his guilty plea. Hixon claims when viewed collectively, there is a "fundamental

- 7 -

misapplication of established law" that requires the trial court's decision be reversed. However, contrary to Hixon's claim, even when viewing those five principal ways collectively, we do not find the trial court's decision to deny Hixon's motion was unreasonable, arbitrary, or unconscionable to constitute an abuse of discretion.

{¶ 19} In this case, there is no doubt that some of the nine *McWhorter* factors set forth above favor permitting Hixon to withdraw his guilty plea. This includes, for instance, the fact that Hixon's motion was made within a reasonable time (Factor 5), as well as the fact that the prosecutor had conceded the State would not be prejudiced by the withdrawal (Factor 9). Other factors, however, weigh heavily to the contrary.

{¶ 20} For example, the fact that Hixon was represented by highly competent trial counsel both before and during his plea hearing (Factor 1), that Hixon was afforded a complete Crim.R. 11 hearing before entering his guilty plea (Factor 2), that the trial court conducted a full and impartial hearing on Hixon's motion to withdraw his guilty plea (Factor 3), and that the trial court gave full and fair consideration to Hixon's motion to withdraw (Factor 4), all weigh against granting Hixon's motion. These factors also included the fact that Hixon's motion failed to articulate compelling reasons for the withdrawal of his guilty plea (Factor 6), that Hixon clearly understood the nature of the charges and the possible penalties involved (Factor 7), and that Hixon's guilt was generally well established by the evidence available to the State. (Factor 8).

{¶ 21} The trial court clearly considered each of the nine *McWhorter* factors and determined that, when weighing and balancing those factors, granting Hixon's motion to withdraw guilty plea was not warranted in this case. Given the thorough explanation of the trial court's findings within its decision, all of which we find to be fully supported by the record, we can find no error with the trial court's decision as it relates to the weight the trial court decided to give to those nine factors. *See State v. Owens*, 2022-Ohio-160, ¶

34 (12th Dist.). We can also find no error with the trial court finding Hixon had moved to withdraw his guilty plea merely because he had a "change of heart" with respect to his plea bargained aggregate eight-year prison sentence. This is significant because, as this court has repeatedly recognized, "[a] mere change of heart regarding a decision to enter a plea, without some additional justification, is not a sufficient basis for the withdrawal of a guilty plea." *State v. Medina*, 2022-Ohio-1799, ¶ 14 (12th Dist.), citing *State v. Ward*, 2009-Ohio-1169, ¶ 7 (12th Dist.).

{¶ 22} For these reasons, we find no error with the trial court's decision to again deny Hixon's presentence motion to withdraw his guilty plea. *See, e.g., Owens* at ¶ 34-35 (trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea where, under either the postsentence or presentence standard, appellant merely had a "change of heart" and where "only two of the nine factors a trial court should consider when determining whether to grant a presentence motion to withdraw a guilty plea weighed in [appellant's] favor, whereas the other seven factors did not"); and *State v. Sales*, 2022-Ohio-4326, ¶ 23-33 (12th Dist.) (trial court did not abuse its discretion in denying appellant's presentence motion to withdraw his guilty plea where appellant merely had a "change of heart" and where "only three of the nine factors a trial court should consider when determining whether to grant a presentence motion to withdraw a guilty plea weigh[ed] in [appellant's] favor, whereas the other six factors did not").

{¶ 23} When reviewing a trial court's decision to deny a defendant's presentence motion to withdraw a guilty plea, this court is to defer to the judgment of the trial court. *McWhorter*, 2024-Ohio-5753, at ¶ 10. This is because, as noted by the Ohio Supreme Court in *Xie*, "'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" *Id.*, 62 Ohio St.3d at 525, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). That is to say, "it is the trial court, and not

this court on appeal, that 'assesses a defendant's credibility in considering the defendant's asserted reasons for wanting to withdraw his plea.'" *Sales* at ¶ 29, quoting *State v. Purnell*, 2018-Ohio-1036, ¶ 28 (10th Dist.). This necessarily includes this court deferring to the trial court's determination as to whether the defendant moving to withdraw his or her guilty plea was merely a "change of heart." *See State v. Williamson*, 2008-Ohio-4727, ¶ 13 (2nd Dist.) ("A change of heart is not enough, and the trial court's finding regarding [a defendant's] true motivation is entitled to deference.").

**Conclusion**

{¶ 24} For the reasons outlined above, and finding no merit to any of Hixon's arguments raised herein, Hixon's single assignment of error lacks merit and is overruled. Therefore, having now overruled Hixon's single assignment of error, Hixon's appeal is denied.

{¶ 25} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

# **J U D G M E N T   E N T R Y**

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

\

/s/ Robin N. Piper, Presiding Judge


/s/ Mike Powell, Judge


/s/ Melena S. Siebert, Judge